UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL P. BIANCE,              ) | |
|                        Plaintiff     ) | |
| v.                                             ) | Civil No. 2:11-CV-429-NT |
| WILLIAM T. LEMIEUX, et al.,  ) | |
|                    Defendants.  ) | |

**ORDER ON MOTION TO ADD COUNTERCLAIM DEFENDANTS**

Before the Court is Defendant William T. Lemieux's motion to add Maureen Biance and Michael A. Biance as counterclaim defendants. For the following reasons, Lemieux's motion is DENIED.

In a related order on SuperPlow, LLC's motion to intervene, the Court provides a more detailed history of this litigation. For purposes of this motion, the immediate facts of interest are that Lemieux was the manager and a member of SuperPlow, LLC, which entered into a contract with the Plaintiff and his company in which SuperPlow purchased assets of the Plaintiff's company, including a snowplow patent and related assets (the "**P&S Agreement**"). The Plaintiff's wife and son, Maureen Biance and Michael A. Biance, who were involved in the Plaintiff's business, also signed the P&S Agreement.

Much of Lemieux's motion to add these individuals as counterclaim defendants is premised on the fact that SuperPlow has a breach of contract claim

against the Plaintiff's wife and son for failing to provide assets to SuperPlow in accordance with the contract terms. In particular, SuperPlow claims that the technical plans for the patented plow lacked specifications necessary to allow for production of the plows. SuperPlow asserts that this was a breach of the wife and son's warranty and representation within the P&S Agreement that "[t]he Covered Assets [including these plans] constitute all of the assets that the Buyer will need in order to operate the Business." (Asset Purchase Agreement at Section 6.1(h)).

The Plaintiff responds that the representations and warranties on which Lemieux wishes to proceed expired in May, 2010, thirty-six months after execution of the agreement, and that therefore no such claims still exist. *See* P&S Agreement at Section 6.1 (Doc. # 8-2) ("The Warranties and Representations in this Section 6.1 shall survive the Closing and shall be in effect for a period of thirty six months subsequent to the Closing at which time they shall expire.") Lemieux and SuperPlow respond that SuperPlow's claims arose well within the warranty period and that the Plaintiff has not pointed to any New York law that suggests that mere expiration of the warranty period is akin to a statute of limitations barring suit on claims that arose during the warranty period. They then assert that New York's general six-year statute of limitations for breach of contract applies to SuperPlow's claims.

Which side has the better argument on this question is immaterial at this time as the proposed Counterclaim is asserted solely by SuperPlow. SuperPlow is not a legal entity so it cannot file this Counterclaim. Lemieux is neither named as a

2

Counterclaim Plaintiff in the proposed First Amended Counterclaim (*see* Doc. 16-1) nor mentioned in the briefing as a party with any claims against the Plaintiff's wife and son. Lemieux's interest in joining the Plaintiff's wife and son is, rather, based solely on his assertion that he faces the prospect of future litigation from these individuals unless they are joined to this case and therefore bound by its outcome.

This assertion does not hold up under scrutiny. The Plaintiff's wife and son did sign the P&S Agreement, however, this agreement grants no right of action on their part against Lemieux or SuperPlow. The "Sellers" are defined under the P&S Agreement as Michael P. Biance and his company, f/k/a Driveway Super Plow Inc.; Michael P. Biance is also defined as the "sole shareholder" of Driveway Super Plow Inc.; Maureen and Michael A. Biance are identified solely as individuals who "have assisted Michael P. Biance from time to time in conducting the Business." P&S Agreement, Statement of Background, ¶¶ 1-3. As such, the Plaintiff's wife and son were made parties to the agreement so that SuperPlow could be assured of their cooperation in things such as adequate support of the purchased business (P&S Agreement Sections 6 and 13) and non-competition with that business (P&S Agreement Section 12). They have no claims against Lemieux, either for breach of the P&S Agreement, or for any loss sustained as shareholders of the Plaintiff's company. Therefore, whatever relief the Plaintiff obtains in this action will extinguish Lemieux's liability in regard to the parties' dealings.

For these reasons, Lemieux's motion to join Michael A. Biance and Maureen Biance as counterclaim defendants is DENIED without prejudice.

SO ORDERED.

                                                /s/ Nancy Torresen
                                                United States District Judge

Dated this 27th day of April, 2012.